1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JORDAN DAVID KNIPPLING,

             Petitioner,

      v.

SCOTT FRAKES,

             Respondent.

CASE NO.  C10-5599BHS/JRC

REPORT AND RECOMMENDATION

Noted for February 11, 2011

      The underlying petition for a writ of habeas corpus has been referred to United States

Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and(B), and Local

Magistrate Judge's Rule MJR3 and MJR4.   Petitioner is seeking federal habeas relief, pursuant to 28

U.S.C. § 2254, from a state conviction.

      Before the court are multiple motions for default filed by petitioner (ECF No. 16, 17, and

19).  The motions should be denied for two reasons:  first, there is no default in habeas proceedings;

and second, the respondent has filed a motion to dismiss in lieu of an answer prior to petitioner filing

any of his motions for default (ECF No. 14).  Because respondent's motion is pending, he is not in default.

DISCUSSION

While Fed. R. Civ. P. 55 provides for default judgment in most civil actions, the Ninth Circuit has expressly declared that a habeas corpus petitioner is not entitled to a default judgment for respondent's failure to respond.  Gordan v. Duran, 895 F.2d 610, 612 (9th Cir. 1990).  Thus, the motion is without merit.  Further, prior to petitioner filing his motion the respondent filed a motion to dismiss in lieu of an answer (ECF No. 14).  Until that motion has been addressed the respondent could not be in default.  The motions for default are frivolous and should be DENIED.

**CONCLUSION**

Based on the foregoing discussion, the Court should DENY petitioner's motions for default. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of de novo review by the District Court. See 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 11, 2011, as noted in the caption.

Dated this 13th day of January 2011.

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 2